PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report. Neither party has filed a petition for review.
The referee found that respondent entered into a loan transaction with a former client. The referee found that there was no attorney-client relationship with regard to the transaction; that the relationship of borrower and lender was created at the instance of the former client who proposed to respondent that he borrow money from her; and that the former client/lender was competent to handle her business affairs. *294 However, the referee further found that the client/lender, with the knowledge of the respondent, had offered to make this loan for the purpose of evading or avoiding payment of income taxes on the interest income. The referee found professional misconduct on the ground that “attorneys should be held to a high standard of conduct in conducting financial transactions with a lay person, even if that layman is not a client.” The referee recommended that respondent be found guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(3)(a) (conduct contrary to honesty, justice or good morals) and the former Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
The respondent has had two prior disciplinary proceedings, each of which resulted in a private reprimand. The referee recommends that respondent receive a public reprimand. We approve the referee’s report. We hereby reprimand John E. Hankal for professional misconduct.
The costs of this proceeding are taxed against the respondent. Judgment is entered against John E. Hankal for costs in the amount of $1351.30, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.